UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 22-cr-399 (JMC) |
| : | |
| TERREANCE ROBINSON, : | |
| : | |
| Defendant. : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.      Summary of the Plea Agreement**

Defendant Terreance Robinson agrees to admit guilt and enter a plea of guilty to Count 3 of the Indictment, charging him with Assault with Intent to Kill While Armed, in violation of 22 D.C. Code §§ 401 and 4502; and Count 5 of the Indictment, charging him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

In this case, the penalty for Count 3 is:

(A)   a term of imprisonment of not less than 10 years and not more than 30 years;

(B)   a fine not to exceed $75,000;

(C)   a term of supervised release of not more than 5 years; and

(D)   a special assessment of $100.

In this case, the penalty for Count 5 is:

(A)   a term of imprisonment of not less than 5 years and not more than life;

(B)   a fine not to exceed $250,000;

(C)   a term of supervised release of not more than 5 years; and

1

    (D) a special assessment of $100.

## II. Elements of the Offenses

The essential elements of Assault with Intent to Kill While Armed, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

  (1) That the defendant, with force or violence, injured or attempted to injure another person;

  (2) That the defendant did so voluntarily, on purpose, and not by mistake or accident;

  (3) At that time, the defendant had the apparent ability to injure a person;

  (4) At that time, the defendant intended to kill a person; and

  (5) At the time of the offense, the defendant was armed with a firearm.

The essential elements of Possession of a Firearm In Furtherance of a Drug Trafficking Crime, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

  (1) That the defendant committed a drug trafficking crime—here, Unlawful Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);

  (2) That the defendant knowingly possessed a firearm; and

  (3) That the possession of the firearm was during and in relation to, or in furtherance of, the defendant's drug trafficking crime.

## III. Brief Statement of the Facts

The following statement of facts does not purport to include all of the Defendant's illegal conduct or the conduct of his co-conspirators or co-defendants. It also does not purport to be an inclusive recitation of everything that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or others. It is intended to represent sufficient information for the

Court to find a factual basis for accepting the Defendant's guilty plea.

Had this case gone to trial, the government's evidence would have proved the following beyond a reasonable doubt:

1. On October 20, 2022, at approximately 6:42 p.m., the Defendant and three co-conspirators drove a stolen vehicle (hereafter, the "Suspect Vehicle") from the Clay Terrace neighborhood to the 500 block of 51st Street Northeast, Washington, D.C.

2. The Defendant and his co-conspirators drove by a group of people, including C.S. (hereafter, the "Victim"), who were gathered by the 500 block of 51st Street NE.

3. While driving by the group, the Defendant and his co-conspirators fired their firearms at the group of individuals, prompting the group of individuals, including the Victim, to flee.

4. The Suspect Vehicle that the Defendant and his co-conspirators were operating collided into a parked vehicle on the road by 519 51st Street NE, so the Defendant and his co-conspirators swiftly exited the Suspect Vehicle and ran northbound in the 500 block of 51st Street NE.

5. Upon exiting the Suspect Vehicle, the Defendant continued to shoot his firearm at the retreating group, which included the Victim.

6. The Defendant and his co-conspirators fled the crime scene, running through Marvin Gaye Park and back to their neighborhood of Clay Terrace in Washington, D.C.

7. The Victim had been shot at least four times and required hospitalization.

8. In shooting at the Victim, the Defendant acted voluntarily and knowingly, not by mistake or accident, and with the intent to kill the Victim.

9. On November 16, 2022, at approximately 6:01 a.m., law enforcement executed a

D.C. Superior Court search warrant (warrant number 2022 CSWSLD 4044) at Defendant's residence at 5227 Cloud Place NE, Washington, D.C. (hereafter, the "Residence").

10. Upon law enforcement's entry into the Residence, Defendant, who was the only occupant at the time, ran to the upstairs bedroom.

11. Once in the upstairs bedroom, the Defendant removed from his person a Glock 17 9mm firearm (bearing serial number BNDU139) and tossed it out of the rear window.

12. The Glock 17 9mm firearm that Defendant threw out the window had one live 9mm round in the chamber and was further loaded with an extended magazine containing 15 live rounds of 9mm ammunition.

13. The Glock 17 9mm firearm that Defendant possessed on November 16, 2022, was the same firearm that Defendant had used during the October 20, 2022 shooting of the Victim.

14. Immediately after tossing the Glock 17 9mm firearm, the Defendant was stopped and arrested. Incident to his arrest, officers recovered from the Defendant's person a clear plastic twist containing sixteen zips of a white rock substance, weighing 3.4 grams with packaging, and three zips of a grey-powder substance, weighing 2.2 grams with packaging.

15. The white rock substance tested positive for cocaine base. The grey-powder substance tested positive for fentanyl.

16. Law enforcement further recovered, from Defendant's person, $120 of U.S. currency in $20 denominations.

Respectfully Submitted

MATTHEW M. GRAVES
United States Attorney

By:   /s/ Sitara Witanachchi

SITARA WITANACHCHI
WILL HART
Assistant United States Attorneys

### DEFENDANT'S ACCEPTANCE

I have read every page of the Government's proffer of evidence relating to my guilty plea. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 5-31-2023

Terreance Robinson
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 5-31-2023

Maria Jacob, Esq.
Attorney for Defendant

5